## WILLIAM HYLAND vs. NATHANIEL S. LOOMIS.

### THE SAME vs. THE SAME.

A suit commenced in a Justices' Court, where the Defendant interposed a plea, showing that the title to land would come in question, and gave the bond required by statute to put in bail, &c., in the Common Pleas; and the Plaintiff subsequently commenced a suit by capias in the Common Pleas, for the same cause of action, to which the Defendant put in bail and pleaded, which was at issue on the first Monday of July last. *Held*, that such suit was originally commenced in the Common Pleas, and was by the new Judiciary Act transferred into the Supreme Court on the first Monday of July last. See *ante* pp. 174 and 175.

*Oneida General Term*, 1847. In these cases suits had been commenced before a justice of the peace of Oneida county. The Defendant interposed pleas showing that the title to land would come in question, and gave the bonds required by the statute to put in bail, &c., in the Common Pleas. In June, 1843, the Plaintiff commenced suits in the Common Pleas by capias; the Defendant appeared, put in bail, and pleaded, and the causes were at issue in that court, on the first Monday of July last. A circuit having occurred in Oneida county in September, 1847, and the causes not having been noticed for trial, the Defendant in both suits moved for judgment as in case of non-suit, at the general term of the Supreme Court held in Oneida county, in October last, upon affidavits showing these facts.

KIRKLAND & BACON, *for Deft.*

J. W. JENKINS, *for Plff.*

The court held the cases under advisement until the January term at Syracuse, and then granted the motion. The principal question being, whether the suits were pending in this court, or in the Oneida County Court.

By the Court, ALLEN, Justice.—We are of the opinion that these suits were originally commenced in the Court of Common Pleas of Oneida county, and that on the first Monday of July last, jurisdiction thereof became vested in this court, and that therefore the motion is made in the proper forum.

These motions were made for defaults after the June Common Pleas, and are granted, unless Plaintiff stipulates and pays costs of the motions, which are limited to $10, as but one motion should have been made. *Post* v. *Jenkins,* 2 Howard's Pr. R., 33; *Cortland County Mutual Insurance Company* v. *Lathrop,* id. 146.

NOTE.—There was a lengthy and very able opinion delivered by Mr. Justice ALLEN, in this case, the concluding part of which is given in the above decision, and were it not for the fact that necessarily this class of cases are now nearly extinct, the opinion would have been published entire, notwithstanding the space it would have occupied.